## GENERAL COURT, MAY TERM, 1803.

### GILL vs. COLE.

Trespass *quare clausum fregit*, for breaking and entering *Cole's Struggle* on the 1st January 1800, and removing a fence, with a *continuando*, on divers days, &c. between that day and the 1st January 1801. The writ issued the 31st March 1801. The defendant pleaded *non cul.* and issue was joined—a warrant of resurvey issued, and plots were returned.

It appeared in evidence at the trial, that on the 13th May 1794, the plaintiff's lessee brought an action of ejectment against the defendant for *Cole's Struggle* and *Strife*. That at May term 1797, a verdict and judgment was obtained for the said lessee for a part of *Cole's Struggle*. That on the 22d June 1797, the defendant removed that judgment to the court of appeals, by writ of error; that the judgment was affirmed in June 1800; that on the 29th of October 1800, a writ of *habere facias possessionem* issued, and possession was delivered to the plaintiff's lessee on the 19th of March 1801; that the writ in this cause issued the 31st March 1801; that on the 8th of July 1801, the plaintiff in this cause brought an *action of trespass for mesne profits* against the defendant, in Baltimore county court, for dispossessing the plaintiff of *Cole's Struggle* and *Strife*, and for the use and occupation thereof from the 10th June 1793, until the 29th October 1800, to which action the defendant appeared and pleaded *non cul.* and issue was joined, and afterwards, in November 1802, the defendant confessed a judgment for $30 damages, and costs.

The plaintiff in this cause gave in evidence to the jury, that the defendant in the month of September 1799, removed 185 pannels of fence, from a part of *Cole's Struggle* which had, previous to such removal,

<div style="margin">In an action of trespass for *mesne profits*, the plaintiff recovers damages only for the use and occupation of the land, and not for trespasses committed during the same period. A recovery therefore in such action is no bar to an action of trespass *q. c. f.* The moving of fence rails is a trespass, for which damages may be recovered in an action of trespass *q. c. f.* notwithstanding a recovery in an action for *mesne profits*, unless that removal was necessary for the use and occupation of the land.</div>

been put up there by the defendant; and that the said part of *Cole's Struggle* belonged to the plaintiff.

The defendant then gave in evidence to the jury, the action of ejectment and recovery before mentioned, for the said part of *Cole's Struggle*, and the affirmance of the judgment and writ of possession aforesaid.

The plaintiff further gave in evidence, that the defendant, from the institution of the said action of ejectment, to the execution of the said writ of possession, was in the possession and occupation of the said part of said tract of land.

And the defendant also gave in evidence to the jury, the proceedings on the action for *mesne profits*, brought in Baltimore county court as herein before mentioned.

Whereupon the defendant, by his counsel, prayed the court to direct the jury, that the recovery in the said action for *mesne profits* was a bar to the plaintiff's recovery for the trespass alleged to have been committed, and therefore that the plaintiff was not entitled to recover in the present action.

*Martin,* (Attorney General,) and *Key,* for the plaintiff.

*Hollingsworth* and *Mason.* for the defendant. They cited *Run. Eject.* 164, 165, 166, 167.

CHASE, Ch. J. The Court are of opinion, that in an action for the *mesne profits,* the plaintiff recovers damages for the *use and occupation* of the land, and that a recovery in such action is no bar to an action of trespass, for a trespass committed on the land during the said time for which the recovery was had for the mesne profits.

The court are also of opinion, that the removing of the fence in this case is a trespass, unless it appears to the jury that such removal was necessary for using and cultivating the land, and was made for that purpose.

The defendant excepted. Verdict and judgment for the plaintiff; and the defendant appealed to the Court of Appeals.

THE COURT OF APPEALS at June term, 1805, *affirmed* the judgment of the General Court.