AMERICAN BUTTON-HOLE, OVERSEAMING & SEWING-MACHINE COMPANY *vs.* JOSEPH THORNTON and another.

November 12, 1881.

**Sales at Different Times give rise to Several Causes of Action—Burden of proving them Connected in one Account.**—In an action to recover in several counts the price of goods sold at various times, an answer, admitting the several sales and the prices, but pleading in bar of a recovery that the sales were made under such an agreement, and the circumstances such, as to merge all the items in a general running account and one entire demand, and pleading a former recovery as to one of such sales, is a pleading in the nature of a confession and avoidance, and the burden of proving such facts is upon the defendant.

**Same—Proof of Connection of Such Sales, how made.**—When such sales are made at different times, in order to connect the demands for the purchase price of the several sales into one entire indivisible demand or cause of action, there must be either an express agreement, having that effect, or the circumstances must be such as to raise the presumption that the parties so intended.

Appeal by defendants from an order of the municipal court of St. Paul, refusing a new trial.

*Mead, Thompson & Rotert,* for appellants.

*Rufus J. Reid,* for respondent.

DICKINSON, J. Appeal by defendants from an order of the municipal court of St. Paul, refusing a new trial. The action was brought in that court to recover the price of sewing-machines sold by plaintiff to defendants. The complaint contains statements, in three counts, of several causes of action. In the first is alleged a sale, November 24, 1879, of sewing-machines at the agreed price of $24, and upon a credit of six months, with allegations of a demand after the expiration of such period of credit. In the two succeeding counts, respectively, are set forth, in the same manner, sales of like property made November 29th, at the agreed price of $24, and December 26th, at the agreed price of $72.

The answer alleges the making of an agreement between the parties, prior to the making of any sales, that plaintiff should sell and deliver to defendants, as they might require them, sewing-machines at prices fixed by such agreement, and upon credit of six months; that, under this agreement and not otherwise, and upon an open current account, plaintiff sold to defendants on October 20, 1879, certain machines and attachments for the price of $98.70; November 24, 1879, one machine for $24; November 29, 1879, one machine for $24; and December 26, 1879, three machines for $24 each; and all upon a a credit of six months—the three latter sales being of the same property described in the complaint. The answer then avers that when this action was commenced, and when the whole of said account was due, another action was pending in the same court, and between the same parties, "and for the same cause as that set forth in the complaint herein, or one indivisible part thereof, and for the aforesaid account,

in which action plaintiff demanded judgment * * * for $98.70, and ·interest and costs." The jurisdiction of the court in such action is pleaded in the answer, and a recovery of a judgment therein, which judgment is pleaded in bar of this action. The answer contains a general denial, except as to facts otherwise pleaded.

The plaintiff replied, admitting the sales on the four dates alleged in the answer; admitting the pendency of another action for recovery of $98.70; admits the jurisdiction and the recovery of a judgment; that the debts upon which this action was brought were all due when such former action was commenced; and denies generally, except as admitted, the allegations of the answer. The cause was tried before the court without a jury. The plaintiff rested his case upon the pleadings, without introducing any evidence, whereupon defendants moved for dismissal of the action and for a nonsuit, which was denied, and exception taken. The trial then proceeded, the defendants introducing evidence tending to establish the facts pleaded in the answer; the plaintiff closing with rebutting evidence.

The question first presented for review is whether it was error to have refused defendants' motion to dismiss. The answer can only be construed as admitting the sales to the defendants of the goods for which a recovery is sought in this action, as. well as the price of the same. It seeks to avoid the consequent liability of the defendants by alleging the further fact of such an agreement prior to the sales, together with such circumstances relating to the sales, as are claimed to have had the effect to blend in one account and one indivisible cause of action all·the sales; and by the plea of a former recovery upon part of ·such account in bar of this action. Assuming this answer to be sufficient—and the question is not raised upon this appeal—it is in the nature of a plea of confession and avoidance; and as the general denial in the reply puts in issue the new matter in the answer, the burden was upon the defendants to establish by proof that fact upon which depended the sufficiency of the plea in bar. Upon this issue the court found the fact to be that each of the sales was intended as, and was, a separate and distinct sale and transaction; and we deem the evidence sufficient to warrant the finding. Several sales, made at different times, may be by agreement of the parties,

or by inference from circumstances, so blended or connected, as to constitute but one entire demand or cause of action; and, from the circumstances attending the making of several sales, an agreement or understanding may be inferred that the whole was intended to comprise, in a running account, one demand only. In the absence of such agreement or circumstances, distinct contracts of sale constitute distinct causes of action. *Secor* v. *Sturgis*, 16 N. Y. 548, 558; *Badger* v. *Titcomb*, 15 Pick. 409. In this case such an agreement was not conclusively proved, and the facts attending these sales, so far as they were shown by the evidence, were not such as necessarily to lead to the conclusion that it was intended to convert the charges for the several sales into a running account, in which the individual items, as separate legal demands, should be merged. The finding adverse to defendants as to the facts upon which rested the plea in bar necessarily determined the case for the plaintiffs, and the motion for a new trial was properly refused. There was no material error in respect to the receiving of evidence.

Order affirmed.