PETER MEMMER and another *vs.* WILLIAM N. CAREY.

June 8, 1883.

**Action on Running Account—Former Judgment a Bar.**—It is a general rule (in the absence of special facts creating an exception) that an indebtedness of his customer to a retail dealer upon a running account furnishes one cause of action, and, if such cause of action be split, and a recovery had upon a part of it, the judgment is a bar to any further recovery thereupon.

Appeal by defendant from a judgment of the municipal court of St. Paul.

*H. V. Rutherford,* for appellant.

*Wm. Louis Kelly,* for respondents, cited *Badger* v. *Titcomb,* 26 Am. Dec. 611; S. C. 15 Pick. 409; *Secor* v. *Sturgis,* 16 N. Y. 548; *Perry* v. *Dickerson,* 85 N. Y. 345; Notes to *Guernsey* v. *Carver,* (8 Wend. 492;) 24 Am. Dec. 60.

*By the Court.* There was a running account between plaintiffs and defendant, for butcher's meat sold by the former to the latter from time to time, between January 1 and October 6, 1882; the balance remaining unpaid at the latter date being something over $160. On October 19th, plaintiffs recovered judgment in a justice's court for $100 of this balance, having commenced suit therefor on October 11th. There being no evidence in the case at bar having any reasonable tendency to show that the meat was furnished upon any agreement for credit, the price of it was due upon delivery, and hence plaintiffs might have brought suit for the whole balance at the time when they sued for the $100. In the present action plaintiffs seek to recover the remainder of the balance mentioned. But the judgment of the justice is well pleaded in bar as a former recovery upon the same cause of action; for it is a general rule (in the absence of special facts to create an exception) that an indebtedness of his customer to a retail dealer, upon a running account, furnishes one entire cause of action, and if such cause of action is split, and a recov-

ery had upon a part of it, the judgment is a bar to any further recovery thereupon. *Am. Button Hole, etc., Co.* v. *Thornton,* 28 Minn. 418; *Guernsey* v. *Carver,* 8 Wend. 492; *Secor* v. *Sturgis,* 16 N. Y. 548.

Judgment reversed.