MICHAEL PIERRO *vs.* ST. PAUL & NORTHERN PACIFIC RAILWAY COMPANY and others.

July 27, 1887.

**Judgment of U. S. Court—Presumption of Jurisdiction.**—A judgment of the circuit court of the United States is supported by a presumption of jurisdiction, unless the contrary is disclosed by the record.

**Res Judicata—Use and Occupation.**—A recovery for use and occupation, in an action to recover the possession of real property, is a bar to a subsequent action for injury to the estate during the same period of occupation.

Appeal by plaintiff from an order of the district court for Hennepin county, *Rea*, J., presiding, granting a new trial, after a verdict for plaintiff.

*R. L. Penney* and *Penney & Hammond*, for appellant.

*D. A. Secombe*, for respondent.

DICKINSON, J.[1]  In this action of trespass the plaintiff seeks to recover for injuries done upon his premises, a part of which were in the nature of waste. A former action had been commenced in the same court for the recovery from the defendant of the possession of a part of the same premises, and for the recovery of $250 for the use and occupation of the land. That action was removed to the circuit court of the United States, upon the defendant's petition, and in that court judgment had been entered by consent of parties for the recovery by the plaintiff of $20 and costs. Upon the trial of this action, for injury done upon the premises, the court excluded proof of the former judgment; but afterwards, deeming this to have been wrong, a new trial was granted.

It is claimed that the circuit court had not jurisdiction, because the amount in dispute did not exceed the sum or value of $500. It does not appear that the matter in dispute did not exceed that value. The petition upon which the cause was removed shows a case within the jurisdiction of that court, and the assumption to the contrary is

---

[1]Berry, J., because of illness, took no part in this case.

not supported by anything in the record. Jurisdiction is to be pre-sumed, unless the want of it is disclosed by the record. *Turrell* v. *Warren*, 25 Minn. 9.

The majority of the court are of the opinion that with an action for the recovery of real property, and for the use and occupation of the same, may properly be united a claim for injuries done to the estate by the defendant while in possession,—Adams, Ej. [4th Ed.] 460; *Lippett* v. *Kelley*, 46 Vt. 516; *Alsop* v. *Peck*, 2 Root, 224; *Huston* v. *Wickersham*, 2 Watts & S. 308; *Cooch* v. *Geery*, 3 Harr. (Del.) 423; *Cunningham* v. *Morris*, 19 Ga. 583, (65 Am. Dec. 611,)—that this is substantially a part of the same cause of action as that for which the rental value may be recovered, that is, the wrongful possession and occupancy by the defendant; and that the former judgment consti-tuted a bar to the recovery of damages for injuries to the estate dur-ing the time of occupancy. See Sedg. & W. Tr. of Title to Land, § 668. In this view, however, I do not concur. See, contra, *Bottorff* v. *Wise*, 53 Ind. 32; *Pacquette* v. *Pickness*, 19 Wis. 219; *Burr* v. *Woodrow*, 1 Bush, 602; *Hicks* v. *Herring*, 17 Cal. 566; *Budd* v. *Bingham*, 18 Barb. 494; *Gill* v. *Cole*, 1 Har. & J. 403, (2 Am. Dec. 527.) See, also, *Lord* v. *Dearing*, 24 Minn. 110, 112, 113.

Order affirmed.