MICHAEL PIERRO *vs.* ST. PAUL & NORTHERN PACIFIC RAILWAY COMPANY.

November 23, 1888.

Res Judicata—Use and Occupation—Trespass.—Former decision in this case (37 Minn. 314) followed, holding that a former recovery for use and occupation, in an action to recover the possession of real property, is a bar to a subsequent action for injuries to the estate during the same period of occupancy.

Same—Single Trespass—Several Actions.—For a single and completed trespass upon and injury to an entire tract of land several actions for damages cannot be maintained. A recovery of damages in respect to a part of the land will bar a subsequent recovery in respect to another part of the tract, the cause of action being entire.

Same—Identity of Subject-Matter of Action.—An action commenced in the state district court, in respect to lands described in the complaint as being in "Bottineau's addition to Minneapolis," was removed to the circuit court of the United States. The certified complaint in that court described the lands as being in "Bottinen's addition to Minneapolis." The record in the latter court *held prima facie* as applicable to the land in question in Bottineau's addition.

Appeal by plaintiff from an order of the district court for Hennepin county, *Hicks,* J., presiding, refusing a new trial after verdict for defendant.

*Jordan, Penney & Hammond,* for appellant.

*D. A. Secombe,* for respondent.

DICKINSON, J.   The decision upon a former appeal in this action is reported in 37 Minn. 314, (34 N. W. Rep. 38.)   After a new trial and a verdict for the defendant, the plaintiff has appealed from an order refusing another new trial.   The cause of action here asserted is trespass upon an injury to a strip of land 62 feet in width, consisting of the westerly 22 feet of several lots in Bottineau's second addition to Minneapolis, with the adjacent 40 feet, comprising that half of Main street upon which such lots abut.   The street had not been opened to public travel, as is alleged, and the plaintiff had inclosed and was using it for private purposes.   Upon the trial there was offered and received in evidence the record of a judgment of the

circuit court of the United States in an action by this plaintiff against this defendant corporation, awarding to the plaintiff a recovery of $20 damages, with costs. That action had been commenced in the district court of the state, but was removed to the federal court. The cause of action appearing in the copy of the complaint in the circuit court was the entry of the defendant upon, and its wrongful possession of, the westerly 22 feet of the plaintiff's lots, numbered and described as in the complaint in this action, except that they are there designated as being in "Bottinen's addition to Minneapolis." A recovery of possession was sought, together with the value of the use and occupation. In connection with the record from the circuit court, the defendant, in the trial of the present action, offered in evidence the complaint in that cause in the district court, in which the land was described as being in "Bottineau's addition." This evidence was properly received. The proof last referred to was sufficient to show *prima facie* the identity of the lots designated in the complaints in the two actions, and that the word "Bottinen" instead of "Bottineau," in the copy of the complaint sent to the circuit court, was the result of clerical error.

In deciding the former appeal in this action (37 Minn. 314; 34 N. W. Rep. 38) it was held by the majority of the court that a recovery for the use and occupation, in an action for that purpose and for the recovery of possession of the land, was a bar to a subsequent action for injury to the estate caused during the same period of occupation. Therefore there could be no recovery in this action for the alleged damage with respect to the 22 feet which was the subject of the former action. As to the adjacent 40 feet, the result is necessarily the same. The decision above cited rests upon the identity and entirety of the causes of action alleged, the wrongful use and occupation, and the coincident injury to the property. The recovery for the use and occupation was, so far as concerns this question of estoppel, the same as though it had included damages for the injury done by the defendant while in occupation. The former recovery of damages, it is true, was only in respect to the 22 feet; but that would operate as a bar to a subsequent action to recover damages for injury to or upon the adjacent 40 feet, caused by the same tortious acts of the defend-

ant.   The trespass now complained of in respect to the whole 62 feet was identical with the entry and possession alleged in the former action as to the 22 feet.   The defendant's trespass and injury upon the whole tract of land was a single and indivisible tort, for which the plaintiff's right to recover damages was entire and indivisible. The whole cause of action was complete, and the damages now sought to be recovered had fully accrued, and presumably were known, when the former action was brought.   One may not split an entire, complete cause of action, and have several recoveries of damages therefor.   One recovery, although it be for a part only of the entire injury, is effectual as an estoppel.   *Thompson* v. *Myrick*, 24 Minn. 4; *Memmer* v. *Carey*, 30 Minn. 458, (15 N. W. Rep. 877;) *McCaffrey* v. *Carter*, 125 Mass. 330; *Bennett* v. *Hood*, 1 Allen, 47, (79 Am. Dec. 705;) *Farrington* v. *Payne*, 15 John. 432; *Herriter* v. *Porter*, 23 Cal. 385; *Osborne* v. *Atkins*, 6 Gray, 423.

Whether the plaintiff could have maintained several actions for the recovery of the possession of several parts of the entire tract of land need not be considered.   However that may be, the plaintiff was not compelled to seek to recover his damages for the wrongful acts of the defendant in any such action.   He might have maintained a separate action for that purpose.   But as that cause of action for damages was entire, he could not have several recoveries in respect to different portions of the tract.   One recovery, in whatever form of action, would constitute a bar.

This action being barred by the former recovery, the verdict for the defendant was right, and the other assignments of error upon matters not affecting this result need not be considered.

Order affirmed.