NICHOLS & SHEPARD COMPANY v. MINNESOTA THRESHER MANUFACTURING COMPANY.[1]

December 21, 1897.

Nos. 10,783—(196).

Pleading—Trover—General Allegation of Conversion—General Denial in Answer—Proof of Any Defense—Foreign Statute.

In an action of trover the complaint alleged generally that defendant converted the property to his own use, without stating in what way he converted it. *Held*, under a general denial in the answer the defendant may prove any state of facts which show that he has not converted it.

Same — Action by Mortgagee — Purchase by Defendant for Value — Findings—"Sold" Implies Warranty against Incumbrances.

In an action by the mortgagee for conversion of the mortgaged property, proof that the defendant purchased the property for a valuable consideration, from the mortgagor, does not alone show conversion. But *held*, a sale of a chattel implies a warranty against incumbrances unless the contract of sale expressly provides to the contrary; and a finding that the defendant sold the property implies that he did not sell it subject to the mortgage, but that he exercised dominion over it in exclusion and defiance of the plaintiff's right, and this constitutes conversion.

Same—Who May Maintain Action—Mortgagee—Chattel Mortgage—Condition Broken.

According to the law of the state where the mortgage was executed and the property was at the time, a chattel mortgage does not pass the title to the mortgagee, and is but a mere lien; but condition was broken, and the mortgagee was entitled to immediate possession. *Held*, he can maintain an action of trover for the conversion of the property.

Action in the district court for Hennepin county to recover $291.95 for conversion of the property described in the opinion. The answer was a general denial. At the close of the trial each party moved that the court direct a verdict in its favor. The jury

[1] Reported in 73 N. W. 415.

being excused by consent of the parties, the court ordered judgment for defendant.   From an order denying a motion for a new trial, Elliott, J., plaintiff appealed.   Reversed.

*Armstrong Taylor*, for appellant.

Where there has been an actual conversion of the property a demand therefor before suit is not necessary.   Kronschnable v. Knoblauch, 21 Minn. 56; Guthrie v. Olson, 44 Minn. 404; Kenrick v. Rogers, 26 Minn. 344; Cobbey, Chat. Mort. § 742; Appleton v. Warder, 42 Minn. 117.   In the absence of anything to the contrary it will be presumed by the courts of one state that the laws of another state whose system of jurisprudence is derived from the same source as its own are in substance the same as the domestic laws.   23 Am. & Eng. Enc. 290.   The fact that, under the statute of South Dakota, a chattel mortgage gives to the mortgagee not the legal title as here, but a lien on the property and the right of possession on condition broken, does not change the rights of the mortgagee or deprive him of any remedy he has here where the property has been wrongfully converted.   Everett v. Buchanan, 2 Dak. 249.   The filing of a chattel mortgage is equivalent to an actual and continued change of possession.   Reichert v. Simons, 6 Dak. 239.   While it is held that a chattel mortgage gives the mortgagee only a lien on the property, the mortgagee can recover for the conversion.   Grand Forks v. Minneapolis, 6 Dak. 357; Humpfner v. Osborne, 2 S. D. 310.   It is plain that there was a conversion of the mortgaged property under the facts of this case as disclosed by the evidence.   Cobbey, Chat. Mort. § 742; Leonard v. Hair, 133 Mass. 455; Huellmantel v. Vinton, 112 Mich. 47; Grand Forks v. Minneapolis, supra; Advance v. Schmidt, 9 S. D. 489.   In Michigan, as in Dakota, a chattel mortgage is merely a lien upon the property, but the mortgagee there can maintain trover for a conversion of the property against a purchaser who had disposed of it, without first making a demand.   Manwaring v. Jenison, 61 Mich. 117; Malachiski v. Stellwagen, 85 Mich. 41; Adams v. Castle, 64 Minn. 505. If a mortgagor of personal property, or his agent, sell the entire property as owner, in exclusion of the rights of the mortgagee, such a sale is a conversion.   White v. Phelps, 12 N. H. 382.

70 M.—34

*Brown & Buffington,* for respondent.

The allegation of the complaint is that said defendant obtained possession of said property covered by said chattel mortgage, and wrongfully converted the same to its own use. Under this allegation plaintiff could have proved conversion by showing either a demand and refusal or wrongful disposition or sale of the property. Adams v. Castle, 64 Minn. 505, 507. And it was not incumbent upon the defendant to anticipate which method plaintiff would adopt in order to sustain its allegation. Johnson v. Oswald, 38 Minn. 550. Therefore, the necessity of proving the nature and effect of the laws of South Dakota depended upon what proof should be introduced by plaintiff in order to show a conversion, and the Dakota statute was not such a fact in this case as should be specially pleaded. Thompson-Houston v. Palmer, 52 Minn. 174. The ownership and right to possession before condition broken remain in the mortgagor; hence the mortgagee can maintain an action for conversion only when the property has been destroyed or its purchaser has declined to recognize his rights as mortgagee. Fields v. Willoughby, 8 M. & W. 540.

CANTY, J.

The complaint alleges, in substance, that in June, 1892, one Kenitzer was the owner of a threshing machine and engine, which was then in South Dakota, where Kenitzer then resided; that on that day he mortgaged the same to the plaintiff corporation to secure the payment of $325 then due by him to it, and that the mortgage was then duly recorded in the proper office in the county of his residence; that thereafter in 1893, while said mortgage was in full force and effect and after the conditions thereof were broken and when plaintiff was entitled to the immediate possession of the mortgaged property, the defendant corporation obtained possession of all of the property and "wrongfully converted the same to its own use." The answer is a general denial. On the trial before the court without a jury, the court found for defendant, and from an order denying a new trial plaintiff appeals.

1. It is assigned as error that the court permitted defendant to prove a certain statute of South Dakota, against the objection that

it was not pleaded in the answer, which statute, as the courts of that state have construed it, provides that a chattel mortgage shall not pass the title to the property covered by it until after foreclosure, but that it shall confer on the mortgagee merely a lien as security for the payment of the indebtedness.   We are of the opinion that the evidence was competent, if material.   The plaintiff did not allege the manner in which defendant converted the property, and under its complaint might have proved that defendant converted it in any one of several different ways.   The proof was that defendant received the mortgaged property from the mortgagor in exchange for other property, and then sold the mortgaged property to one Hayden.   The defendant was not obliged to anticipate this proof in the answer, but had a right to meet it by any evidence that showed that it was not guilty of converting the mortgaged property.   Johnson v. Oswald, 38 Minn. 550, 38 N. W. 630; Adamson v. Wiggins, 45 Minn. 448, 48 N. W. 185.

2. The trial court found all of the facts hereinbefore stated, and found as a conclusion of law that plaintiff is not entitled to recover.   The court seemed to be of the opinion that these facts do not show a conversion.   We are of the opinion that they do.

True, the mortgage did not pass the title of the mortgaged property to the mortgagee, but is a mere lien.   It is also true that the mortgagor had a vendible interest in the property.   Defendant could not be held guilty of conversion if nothing more appeared than that it purchased the property from the mortgagor for an adequate consideration which implies good faith.   Kellogg v. Olson, 34 Minn. 103, 24 N. W. 364; Sanford v. Duluth, 2 N. D. 6, 48 N. W. 434.   But something more does appear.   Defendant sold the property to Hayden.   The sale implies a warranty against incumbrances, including this lien (Benjamin, Sales [6th Ed.] 632), unless the contract of sale expressly provided to the contrary; and it does not appear that it did so provide.   Then the finding that defendant sold the property to Hayden amounts to a finding that it "exercised dominion over the property in exclusion and defiance of the rights" of plaintiff, which will, in a case where the mortgage passes the legal title, amount to a conversion.   See 4 Am. & Eng. Enc. 108; Bishop, NonCont. Law, § 406.   The same is true where the plaintiff

has but a mere lien, if it entitles him to the immediate possession. 1 Jones, Liens (2d Ed.) § 1035; Sanford v. Duluth, supra.

The fact that it was not in the power of defendant to deprive plaintiff of its rights in the property is not the test of whether trover will lie. The defendant, being in possession, may be taken at its word; and, if it exercises a dominion over the property hostile to and inconsistent with the rights of plaintiff, the latter may maintain an action for conversion. This disposes of the case.

The order appealed from is reversed, and a new trial granted.