POND & HASEY COMPANY v. THOMAS O'CONNOR and Others.[1]

June 18, 1900.

Nos. 12,133—(124).

**Mechanic's Lien—Application of Payments—Findings.**

> Facts considered, and *held* that the findings of the trial court that an account for certain lienable items had been fully paid is supported by the evidence, and that the owners of the building upon which the lien is claimed are entitled to judgment against such lien claim.

Action in the district court for Hennepin county to enforce a mechanic's lien. Defendant Cederstrand claimed a co-ordinate lien for labor and materials. The case was tried before Elliott, J., who found against defendant Cederstrand. From an order denying a motion for a new trial, he appealed. Affirmed.

*Little & Salmon* and *Robert Christensen*, for appellant.

*Wicks, Paige & Lamb* and *Welch & Hubachek*, for respondents.

LOVELY, J.

The defendants O'Connor and Champine leased a building of the respondents Gibson and Wyman, and entered into a contract with the appellant, Cederstrand, for alterations and repairs upon the leased premises. The lessees have paid the contractor various sums on account of his work, labor, and materials, but still are indebted

[1] Reported in 83 N. W. 169.

to him in the sum of $616.05, of which $571.05 is claimed to be a lien upon the property as against its owners. During the continuance of the work, from time to time as the same was progressing, the lessees made payments which, upon an open and running account, were credited to them by the contractor in a concededly larger sum, and of dates, when made, subsequent to the furnishing of the lienable items, amounting to much more than the sum of $571.05. The whole account was much larger, and covered more time than above indicated; but if the payments made were applied on the account in the order of time in which they were actually made, and are to be credited upon items which had already been furnished, the lien claim has been extinguished. This was so held on the former appeal of this case. 70 Minn. 266, 73 N. W. 159, 248. It was also held (MITCHELL, J.) that Cederstrand had

"Treated the whole thing [his account against the lessee] as one general continuous account, and applied the payments generally on that account. * * * It is the rule that an application once rightfully made by either party is conclusive and final."

The case was remanded to make proper estimates on the account by separating the lienable from the nonlienable items, to ascertain correctly whether there was anything which would support Cederstrand's lien, still unpaid, according to the rule laid down in the former appeal. Counsel for Cederstrand, obviously misunderstanding the scope of this decision, on the new trial below introduced evidence to show that after the work and materials were furnished, and the payments for all the lienable items credited on the continuous and running account by the contractor himself, the lessees, Gibson and Champine, had assented to an application different in fact from that which controlled the decision of this court on the former appeal. Whether this opportunity was open to the appellant is very questionable, but upon the issue of fact thus litigated on the second trial, and considered by the court below, it was found, in brief, that Cederstrand

"Kept books of account, and in his said books he kept an account with the said O'Connor and Champine of the whole work,—contract and extras, as one general continuous account," and that each and

80 M.—18

all of the articles and items of account which were properly lienable have been fully paid for by said O'Connor and Champine.

There is no doubt that this finding of the trial court is supported by evidence, and justifies the conclusion reached on the second trial, that the owners of the building were entitled to the judgment against Cederstrand as ordered.

Order affirmed.