## KATIE WAMPA v. JOHN LYSHIK.[1]

December 12, 1919.

No. 21,481.

**Contract — granting judgment notwithstanding verdict error.**

    1. The complaint stated a cause of action for money had and received. The testimony admitted tended to prove a contract for the payment of money, and the court, after ordering the pleadings amended to conform to the proof, charged the jury that, if they found such contract to have been made, plaintiff should recover. There was a verdict for plaintiff. It is *held* that in granting defendant's motion for judgment notwithstanding the verdict the court erred insofar as the order was based upon the ground that no recovey on contract could be had under the complaint.

**Same.**

    2. Nor can the order be justified on the ground that there was no evidence to sustain a recovery under the law as given in the charge.

Action in the district court for Morrison county to recover $500 for money had and received. The facts are stated in the opinion. The case was tried before Parsons, J., who when plaintiff rested granted defendant's motion to amend the answer so as to conform to the proof, denied his motion for a directed verdict, and a jury which returned a verdict for $689. Defendant's motion for judgment notwithstanding the verdict was granted, Roeser, J. From the judgment entered pursuant to the verdict, plaintiff appealed. Reversed.

*D. M. Cameron,* for appellant.

*Paul Ahles* and *E. F. Shaw,* for respondent.

HOLT, J.

Plaintiff's husband died seized in fee of 80 acres of land in Morrison county, which was his homestead. Thirteen children survived, three by plaintiff and ten by a former wife. Plaintiff continued in possession of the homestead after her husband's death. There was a first mortgage on the land for $600; also a second mortgage for $220 held by Mr. Martin, a banker of Little Falls. There seem to have been some negotiations

[1]Reported in 175 N. W. 301.

with him looking to the foreclosing of the mortgage, so that plaintiff might thereby acquire title, but the court did not permit the arrangement to be shown. However, plaintiff claims that some time after Martin had begun the foreclosure, but before the sale, defendant, a neighbor and friend, went with her to the bank, and there, in the presence of Martin and others, it was agreed that defendant should bid in the land and pay plaintiff $500, if he obtained title by the foreclosure. The complaint was for money had and received. The answer a general denial. At the close of the trial defendant asked leave to amend the answer. Plaintiff objected, but the court said: "The motion of the defendant is granted, and the pleadings are ordered amended to conform to the proof offered and received." The court charged the jury: "The question at issue is, did Lyshik agree either before the sale or before the expiration of the year of redemption, to pay this woman five hundred dollars? If he did, why then he should be held to his promises." The verdict was for plaintiff. Defendant made a motion in the alternative for judgment notwithstanding the verdict or a new trial. The court granted judgment. From the judgment thus entered plaintiff appeals.

The court gave two grounds for granting the motion: (1) The liability being upon an express contract cannot be enforced in an action for money had and received; and (2) the evidence is insufficient to make out a contract.

Conceding that the complaint for money had and received did not authorize a recovery based on a contract, the motion for judgment should, nevertheless, have been denied upon this record. Evidence tending to show a contract was received, and the jury were instructed to find for plaintiff if the contract was proved. Clearly a judgment upon the verdict so rendered would be a bar to any other action upon the contract. Furthermore, the record discloses that the court ordered the pleadings to be amended to conform to the proof. In that situation, it is quite impossible to show that the issue of a contract and defendant's obligation thereunder did not constitute the cause of action which was disposed of by the verdict. If the court erred in receiving the evidence under the pleading, or in submitting the issue that was submitted thereunder, the error ought to have been rectified by a new trial, and not by judgment non obstante.

Of course, if the evidence is insufficient to establish a valid contract for the payment of the money awarded, the judgment was properly entered for defendant. The contract was made several years before the trial, and was not in writing. The parties thereto were illiterate, understood very little of the English language, and made use of an interpreter when communicating with Mr. Martin in regard to the terms of the agreement. Mr. Martin was present at their several interviews. He did not understand Polish, the language the parties hereto used. He was the chief witness for plaintiff, and the only one who could intelligently relate the substance of the interviews as he was able to gather the same partly through interpreters and partly through such understanding as the parties could convey by what little knowledge they had of the English language. He was somewhat handicapped by the lapse of time and the fact that he was held rather strictly to the rule that he could not give the substance of the talk, but must state what each person said and to whom it was said. But this notwithstanding, we think the situation of the parties, as disclosed by the record and elucidated by the testimony of what was said and done at these several interviews between the parties, justified the jury in finding that defendant agreed to pay plaintiff the sum stated, if he acquired title to the land under the foreclosure. Plaintiff had the right of redemption, and her relinquishment of that right, or abstention from exercising it in reliance on defendant's promise, furnished a legal consideration for the agreement. The jury could find that she agreed to so relinquish or abstain, even though express words to that effect were not used. The entire situation and unmistakable intention of the parties, if the jury accepted the version of plaintiff and her witnesses as true, gave rise to an inference that she so agreed. Under the law of the case, as given in the charge, it cannot be said that the evidence does not justify a recovery by plaintiff.

The judgment is reversed and the cause remanded.