BANNER GRAIN COMPANY v. BURR FARMERS ELEVATOR & SUPPLY COMPANY.[1]

March 20, 1925.

No. 24,402.

**Books of account of grain commission merchant, and not cards written by employe in Chamber of Commerce, are original entries and admissible without producing cards.**

1. A grain commission merchant had its employe who made trades upon the floor of the Chamber of Commerce make memoranda on trading cards. At the close of the day's session these cards were immediately taken to the office and from them entries were made in the day book. The cards were made as a mere temporary means of securing accuracy. The entries in the books are the original entries, and the books are admissible in evidenec without the production of such memoranda.

**Record of purchases and sales for customers, kept in regular course of business, is admissible.**

2. From such memoranda entries were made in a book kept for that purpose, showing purchase or sale, giving date, naming the commodity, price and a number identifying the customer. This record was kept in the regular course of business, and upon being properly verified is admissible in evidence, not as an account book, but as a record.

[1]Reported in 202 N. W. 740.

Under general denial in action on cash grain and hedging account, illegality of transactions is not in issue and evidence of it was inadmissible.

3. A grain commission merchant sued a customer on an account involving cash grain and a hedging account. The answer met this with a general denial. Under the general denial the illegality of the transaction was not in issue, and evidence to prove the transactions were illegal is inadmissible.

Party who asserts illegality has burden of proving it.

4. Burden of proof is upon the one who asserts the illegality of the transaction.

What makes a prima facie case of illegal transaction.

5. Failure to comply with the provisions of section 10491, G. S. 1923, makes a prima facie case of an illegal transaction.

Confirmations and letters referring to such account admissible, when.

6. Confirmations and letters in reference to such an account in the absence of an issue of illegality were admissible as tending to support plaintiff's claim.

Single cause of action.

7. An open mutual account constitutes but a single cause of action.

Debits and credits in open mutual account.

8. In such an account the debits and credits offset the oldest unbalanced item.

Rule not applicable to disputed items.

9. This rule is grounded on the mutual recognition of the validity of the items in each other's account, and has no application to disputed items.

Rule bars recovery on any item omitted.

10. This doctrine does not prevent a cause of action being predicated upon a single item or any number of items therein less than all the items. The doctrine bars a recovery upon any of the items omitted.

*Headnote 1.  See Evidence, 22 C. J. p. 874, § 1055.
 Headnote 2.  See Evidence, 22 C. J. p. 875, § 1056.
 Headnote 3.  See Gaming, 27 C. J. p. 1099, § 351.
 Headnote 4.  See Evidence, 22 C. J. p. 148, § 83.

Headnote 5. See Gaming, 27 C. J. p. 1103, § 358.
Headnote 6. See Factors, 25 C. J. p. 407, § 129.
Headnote 7. See Action, 1 C. J. p. 1113, § 288.
Headnote 8. See Payment, 30 Cyc. p. 1244.
Headnote 10. See Action, 1 C. J. p. 1113, § 288 (1926 Anno); Judgment, 34 C. J. p. 832, § 1242.

Action in the district court for Yellow Medicine county to recover $2,641.98 and interest upon an account. The case was submitted to A. W. Ewing, referee, who awarded defendant the sum of $7,998.59 with interest. Plaintiff appealed from an order, Qvale, J., denying its motion for a new trial. Reversed and new trial granted.

*Fowler, Carlson, Furber & Johnson* and *O. A. Lende,* for appellant.
*Daly & Barnard* and *Paul D. Stratton,* for respondent.

WILSON, C. J.

Plaintiff, a grain commission merchant of Minneapolis, brought this action against defendant, a farmers' elevator company, to collect $2,641.98 balance on account. Defendant denied the complaint and counterclaimed for grain sold to plaintiff in the sum of $11,000; the reply pleaded payment. The case was tried to a referee who found for defendant in the sum of $7,998.59. Plaintiff has appealed from an order denying its motion for a new trial.

Plaintiff put in evidence its account books, embracing cash book, journal and ledger, known in the record as Exhibits A, B and C. The account with defendant included both cash grain transactions and hedging transactions. Practically all the items in the account arose out of transactions on the floor of the Chamber of Commerce. At the time plaintiff's employe made the trades, he made memoranda on trading cards or slips. At the close of the day's session these trading cards were immediately taken to the office and from them entries were made in the day book and journal. These cards are not kept as permanent records. These memoranda or trading cards are made as a mere temporary means of securing accuracy in making the original entry in the account books and were never intended to be preserved as the record of such sales. An effort has

been made to challenge the books on the ground that they do not contain the original entry, and it is asserted that the memoranda trading cards are the original entries. This position is untenable. The account books are admissible in evidence without the production of such memoranda. Lampert Lumber Co. v. Fleisher, 142 Minn. 150, 171 N. W. 309.

In connection with the offer of the books above mentioned, plaintiff also offered in evidence a book marked Exhibit D, being a record of purchase and sale of options or futures. At the top of each page in this book is printed, "Memoranda of Trades for account of ....................," and, on the leaves offered in evidence, defendant's name was written. The sheets are ruled and the columns headed in print, viz., place, month, commodity. Then under a general head of "Bought" are columns: Date, quantity, price and No. Another general head is "Sold" with like subheadings under it. Then a column headed "Profit" and another "Loss." These last two were not used. As an illustration of entries we have: Place, Minneapolis; month, May; commodity, rye; Bought, date April 5; quantity, 5 (meaning 5,000 bu.); price 1.80½; sold, date April 9; quantity 5 (meaning 5,000 bu.); price, 1.80, No. 6,465. The number identifies the customer.

This record is promptly made from the card memoranda furnished by the man on the floor of the chamber. The record book, Exhibit D, is not an account book. It is a record of the matter entered therein. It is an important record kept in the regular course of business with entries made by those authorized to make them and at the time of the transaction. It was properly verified. It should have been received in evidence, not as an account book, but as a record. Sullivan v. M. St. Ry. Co. 161 Minn. 45, 200 N. W. 922; State v. Virgens, 128 Minn. 422, 151 N. W. 190; Swedish Am. Nat. Bank v. C. B. & Q. Ry. Co. 96 Minn. 436, 437, 105 N. W. 69; Strand v. G. N. Ry. Co. 101 Minn. 85, 111 N. W. 958, 112 N. W. 987. Its exclusion was error.

Upon the exclusion of this record, plaintiff attempted to prove its alleged hedging account by means other than by account books, and offered in evidence Exhibit G which was a carbon copy of the

written portion of a confirmation filled out on a printed blank so that the original which plaintiff mailed to defendant in confirmation of purchase would be in substantially this form:

BANNER GRAIN COMPANY.

Grain Commission.

————————————————Minneapolis, Minn.

We have the pleasure of confirming the following transactions made for your account and risk today:

| Of Whom Bght | Quantity | Delivery | Property | Price | Time | |
|---|---|---|---|---|---|---|
| Carg. | 5M | July | Rye | 1.25 | 1.10 | #7350 |

Confirmation of sales was made on suitable blanks of the same general character.

With Exhibit G plaintiff offered 34 other exhibits of like character, but not a single one of all these confirmations, except Exhibit G, gave the name of the person with whom the transaction was had, nor is the place of transaction named. They do not comply with section 10491, G. S. 1923. Exhibits G1 to G55 were copies of letters from plaintiff to defendant in which many of the confirmations were inclosed and the letters themselves disclosed transactions indicating that plaintiff was claiming to be making the deals in futures for defendant. The offer did not include any communications from defendant. Exhibits G and G1 to G55 were excluded as incompetent, irrelevant and immaterial. These letters like the confirmations, made no attempt to comply with section 10491, G. S. 1923. The referee excluded this evidence because of the failure to comply with section 10491 and did so upon authority of Bolfing v. Schoener, 144 Minn. 425, 175 N. W. 901. The failure to comply with the statute made a prima facie case of an illegal transaction. This was sufficient to sustain the conclusion reached. This was true, even though the burden of proof is upon the one who asserts the illegality of the transaction. Mohr v. Miesen, 47 Minn. 228, 49 N. W. 862; McCarthy v. Weare Commission Co. 87 Minn. 11, 91 N. W. 33. But the illegality of the transactions was

not in issue under the pleadings. Under a general denial evidence was inadmissible to prove the transaction was illegal. Dodge v. McMahan, 61 Minn. 175, 63 N. W. 487; Van Dusen-Harrington Co. v. Jungeblut, 75 Minn. 298, 77 N. W. 970, 74 Am. St. 463; Andrus v. Dyckman Hotel Co. 126 Minn. 417, 148 N. W. 565. Under this situation plaintiff's excluded evidence should have been received as tending to support its claim.

Plaintiff says that an open mutual account constitutes but a single cause of action. This is true. American B. H. O. & S. M. Co. v. Thornton, 28 Minn. 419, 10 N. W. 425; Memmer v. Carey, 30 Minn. 458, 15 N. W. 877; Frankoviz v. Smith, 34 Minn. 403, 26 N. W. 225; Lebens v. Nelson, 148 Minn. 240, 246, 247, 181 N. W. 350. Where there is mutual, open and running account, the debits and credits offset the oldest unbalanced item. Hersey v. Bennett, 28 Minn. 86, 9 N. W. 590, 41 Am. St. 271; Wolford v. Andrews, 29 Minn. 250, 13 N. W. 167, 43 Am. St. 201; Miller v. Shepard, 50 Minn. 268, 52 N. W. 894; Winnebago Paper Mills v. Travis, 56 Minn. 480, 58 N. W. 36; Pond & Hasey Co. v. O'Connor, 70 Minn. 266, 73 N. W. 159, 248; Pond & Hasey Co. v. O'Connor, 80 Minn. 272, 83 N. W. 169. The rule of these cases, however, is grounded on the mutual recognition of the validity of the items of each other's account. In this case the defendant denies its responsibility for the items arising out of future trades. It proves its claim arising out of cash grain transactions by the books of plaintiff. Plaintiff by charging to his account, items which are disputed, cannot invoke the doctrine of mutual accounts and the application of payments thereon to deprive defendant's right to contest the disputed items. If items were duly charged to the account, they are not by this doctrine put beyond dispute by the party so charged. Of course if the creditor can establish his claim as having the standing of an account stated within the doctrine of Kenyon Co. v. Johnson, 144 Minn. 48, 174 N. W. 436, or otherwise, he is at liberty to do so. Plaintiff now suggests that, if the account is an open and running account no cause of action can be predicated upon a single item or any number of items therein less than all the items. Such assertion is without support in law or reason. The legal

doctrine is that, if all the items are not included, the judgment is a bar to recovery upon any of the other items. Memmer v. Carey, 30 Minn. 458, 15 N. W. 877. Such an arbitrary extension of the legal doctrine involved to the unusual claim of plaintiff cannot have judicial approval.

The items on the account books received in evidence were segregated and those items relating to cash grain were transcribed to Exhibit 8 and other items were transcribed to Exhibit 9. The reception in evidence of the books of account made a prima facie case in favor of the plaintiff for the amount of its claim, but the referee and counsel fell into an apparent error in believing that the evidence in the case did not embrace that part transcribed to Exhibit 9 which exhibit was excluded. The referee and counsel apparently overlooked the fact that the original of this exhibit was in evidence and they went on the erroneous theory that Exhibit 9 and that of which it was a copy were to be considered only in the event of the reception in evidence of Exhibit D which was erroneously excluded. Under such circumstances a new trial should be had.

Plaintiff has dealt in future trades at a loss. Whether it has done this at the request of defendant in the regular course of hedging, or whether defendant has carried on gambling operations through plaintiff, or whether defendant's manager has for himself conducted gambling transactions through plaintiff in the name of defendant, under circumstances charging plaintiff with knowledge thereof, are questions which are not before us, but if on another trial defendant wishes to assert that any of plaintiff's claim arose from gambling transactions, prompt application should be made to amend its answer so that the claims of the respective parties may be fully litigated.

A new trial is granted.