## J. G. TROVATTEN v. C. O. HANSON.[1]

April 14, 1927.

No. 25,961.

**When, in action in replevin, defense of payment of note must be pleaded.**
    1. Where the pleadings disclose plaintiff's source of title to property in a replevin action as resting on a note and chattel mortgage the defense of payment must be pleaded.

**When judgment notwithstanding will be ordered.**
    2. Judgment non obstante will be ordered only when the evidence is conclusive against the verdict.

[1]Reported in 213 N. W. 536.

**When motion for new trial remains to be decided by trial court.**

3. Upon a reversal of an order for judgment non obstante made pursuant to an alternative motion for such judgment or a new trial, the motion for a new trial stands before the trial court for determination.

Appeal and Error, 4 C. J. p. 1224 n. 3.

Chattel Mortgages, 11 C. J. p. 613 n. 14 New.

Judgments, 33 C. J. p. 1184 n. 51; p. 1185 n. 54, 56; p. 1186 n. 57.

Replevin, 34 Cyc. p. 1476 n. 49, 52; p. 1491 n. 33; p. 1495 n. 64; p. 1497 n. 81; p. 1498 n. 86 New.

See note in 12 L. R. A. (N. S.) 1021; L. R. A. 1916E, 828; 15 R. C. L. Supp. 475.

Defendant appealed from an order of the district court for Yellow Medicine county, Baker, J., granting plaintiff's motion for judgment notwithstanding the verdict. Reversed.

*Charles L. DeReu,* for appellant.

*Daly & Barnard,* for respondent.

WILSON, C. J.

Appeal from an order granting judgment pursuant to an alternative motion for judgment non obstante or a new trial.

The action was in replevin. The complaint alleges plaintiff's ownership in general terms. The answer contains a general denial and specific defenses, and alleges that defendant executed a note secured by a chattel mortgage on the property involved, and that plaintiff claimed the property by virtue of a renewal of said note and mortgage. There is no reply. Over the objection of plaintiff, defendant was permitted to prove payment.

When a plaintiff alleges title generally to the property involved—not indicating definitely the source of his title—the defendant may under a general denial attack the contract or instrument upon which plaintiff relies to prove title. Adamson v. Wiggins, 45 Minn. 448, 48 N. W. 185. A defendant may usually under a general denial meet plaintiff's proof by showing that he is not guilty of the accusation made in the complaint. Dodge v. McMahan, 61 Minn. 175, 63

N. W. 487; Nichols & Shepard Co. v. Minn. Th. Mfg. Co. 70 Minn. 528, 73 N. W. 415; Atwater v. Spalding, 86 Minn. 101, 90 N. W. 370, 91 Am. St. 331. Facts which tend to directly contradict and dispute the allegations and proofs of the adversary may be proved under a general denial and need not be specifically pleaded. Hanson v. Diamond I. Min. Co. 87 Minn. 505, 92 N. W. 447. But this is not the rule where plaintiff pleads the source of his title. Dun. Dig. § 8412. The answer in this case disclosed the source of plaintiff's title. Without a reply this stood as established. This made it necessary for defendant to plead payment if that was his defense. He did not do so. It is just as much new matter as illegality of contract which must be pleaded. Banner Grain Co. v. Burr Farmers E. & S. Co. 162 Minn. 334, 202 N. W. 740. The pleadings brought the matter of payment within the field of confession and avoidance. Evidence of payment was erroneously received. The verdict probably rested upon the theory of payment having been made.

If we construe the record rightly the trial court granted judgment upon the theory that he had erroneously received the evidence of payment. Judgment will be ordered non obstante only when the evidence is conclusive against the verdict. Here it was not. Judgment will not be ordered for error in either law or procedure committed at the trial. Bosch v. C. M. & St. P. Ry. Co. 131 Minn. 313, 155 N. W. 202; Hoggarth v. M. & St. L. R. Co. 138 Minn. 472, 164 N. W. 658; Wampa v. Lyshik, 144 Minn. 274, 175 N. W. 301. In such case the remedy is a new trial, not judgment contrary to the verdict. When it appears probable that a party has a good cause of action, although technically not correctly pleaded, judgment should not be ordered. Bennett v. G. N. Ry. Co. 115 Minn. 128, 131 N. W. 1066, 37 L. R. A. (N. S.) 521. In fact judgment notwithstanding the verdict should not be ordered where it is probable that any mere deficiency in either pleading or proof can be supplied if another trial is had. Nadeau v. Maryland Cas. Co. 170 Minn. 326, 212 N. W. 595.

The record is confusing and had the trial court excluded the evidence upon the trial and the point been made clear that the defense was payment the court would doubtless have permitted an amend-

ment alleging payment. Courts are not inclined to see litigants fail because of a simple defective pleading. The motion for a new trial is pending and will be determined by the trial court. Parker v. Fryberger, 165 Minn. 374, 206 N. W. 716; Central Met. Bank v. Fid. & Cas. Co. 159 Minn. 28, 198 N. W. 137; Kies v. Searles, 146 Minn. 359, 178 N. W. 811. If granted a motion to amend the answer so as to allege payment should be entertained.

Reversed.