CHARLES WEBB, Assignee, *vs.* L. M. MICHENER.

April 17, 1884.

**Action on Note — Denial of Consideration — Evidence that it was made in fraud of Creditors.**—Under a denial in an answer that the note sued on was given for any consideration, defendant may show that it was given in connection with a mortgage for a fraudulent purpose, to shield his property from his creditors, and that he was not in fact indebted to plaintiff.

**Books of Account—Suppletory Oath.**—Under Gen. St. 1878, c. 73, § 78, it is no longer necessary to authenticate account-books by the suppletory oath of the person who actually made the entries.

**Same—Books of Partnership held Admissible.**—Where a plaintiff sought to introduce in evidence the account-books of a partnership, containing entries of charges against defendant, which appeared to be original entries made in the usual course of business as the transactions occurred, some of which were in the handwriting of an absent partner, but which

were chiefly made by the partner by whose oath the books were verified, (both being authorized to make such entries,) *held*, a course of dealing between the parties being shown, that the books were properly admissible as *prima facie* evidence, though the absent partner chiefly made the sales to defendant, and the other partner was not able to identify particular sales.

Set-Off as against Assignee.—In an action by an assignee of a chose in action to which defendant is entitled to a set-off under the statute, the latter is not entitled to an affirmative judgment for a balance due him thereon as upon a counterclaim against the plaintiff

Appeal by plaintiff from an order of the district court for Fillmore county, *Farmer*, J., presiding, refusing a new trial after a verdict of 99 cents for defendant on the counterclaim pleaded in her answer.

*H. R. Wells*, for appellant.

*Colburn & Bassett*, for respondent.

VANDERBURGH, J. This action is upon a promissory note alleged to have been made to Sherwood, for the firm of Canfield & Sherwood, and which passed to plaintiff under their general assignment. It is alleged to have been given on account of partnership goods sold to defendant. The answer denies that the note was given for any consideration whatever, and sets up a cause of action by way of counterclaim for goods and farm produce sold and delivered to the firm.

1. Under this denial the evidence offered by defendant to show that the note and accompanying mortgage were given for a fraudulent purpose, to shield property from creditors, and not on account of goods purchased, and that she owed the firm nothing when the note was given, was proper. Abbott's Tr. Ev. 373; *Bond* v. *Corbett*, 2 Minn. 209, (248;) *Cushing* v. *Seymour, Sabin & Co.*, 30 Minn. 301.

2. The principal question in the case arises upon the ruling of the district court rejecting the account-books of the firm offered in evidence by plaintiff. Canfield, one of the partners, was not present at the trial, and the books were attempted to be verified by the suppletory oath of Sherwood, from whose evidence it was shown that they were the books of the firm, kept by him; that the entries were in his and his partner's handwriting, principally his own; that, to the best of his knowledge and belief, the charges therein were just and correct, and

that they were made in connection with sales in the usual course of their business. Sales were made by each partner, and were usually entered temporarily upon slips of paper, and from them, soon after and ordinarily at the close of each day, at least, transferred to the day-book. He was generally present when business was transacted, but sometimes absent, and, when absent, the books were posted by Canfield, apparently in the usual way. He had, personally, very little recollection of particular sales to her, which were chiefly made by Canfield, with whom she had testified she usually transacted business at their store. The sales made by Canfield, Sherwood used to enter each day from his *memoranda.* The court rejected the books, chiefly because the evidence of Canfield was wanting to show that the goods in question, or some of them, were delivered at the time the charges were made, within the rule laid down in *Paine* v. *Sherwood,* 21 Minn. 225, 240. This plaintiff claims to be error. Items transcribed in the manner shown to be customary in this case, from temporary *memoranda,* are original entries of the current transactions. The defendant appears to have been a regular customer at the store, had an account there, and bought goods on credit of the general character charged to her during the time covered by the account against her on the books; and she had previously admitted, in her own testimony, that Canfield almost always "wrote down" what she purchased. It is evident that Sherwood was generally present and kept the run of the business, and he states he never knew any entries to be made of goods not sold. As to his own entries, certainly, and as to Canfield's, presumptively, they were seasonably made.

By the amendment of 1876 material changes were made in the statute in relation to the authentication of account-books. Section 71, chapter 73, Gen. St. 1866, which required their verification by a clerk where the original entries were made by him, is repealed, and section 70, which previously provided for the suppletory oath of the party, is amended, so that he is now permitted to "prove" that the charges are in the handwriting of a person authorized to make them, and that they are the original entries of goods sold, etc. It was not necessary, therefore, that Canfield should be called to testify as to the entries made by him, and we think the evidence sufficient, in view of

the circumstances, to make a *prima facie* case that the charges were original entries, regularly made as the transactions occurred, in the usual course of business. A party's books of account are thus made evidence by statute, apparently upon the ground of necessity, in view of the fact that, owing to the number and frequency of transactions of which entries are daily required to be made, the difficulty and inconvenience of making formal common-law proof of each item would be very great; and because, where a course of dealing between parties is shown, a degree of credit, more or less, according to circumstances, would naturally attach to the registration by the proper person, in the usual course of business, of transactions between them, as they occur, in the book kept for such purpose. 1 Phil. Ev. 308. Upon the showing made in this case, therefore, by plaintiff, we think his books of account, if fair on their face and otherwise free from suspicion, should have been admitted as *prima facie* evidence of the charges.

3. The assignment of the note and account of Canfield and Sherwood was without prejudice to any set-off which the defendant had against the claim. Evidence of her account was therefore properly received. *Martin* v. *Pillsbury*, 23 Minn. 175. But as against the assignee it could only be allowed in reduction of, or to the extent of, his claim against her. It was error, therefore, for the court to instruct the jury that if upon the state of the accounts they found a balance due her, the defendant was entitled to a verdict therefor as upon a counterclaim.

Order reversed.