RUFUS C. JEFFERSON and another *vs.* CHURCH OF ST. MATTHEW, impleaded, etc.

August 9, 1889.

**Mechanic's Lien—Application of Payments.**—Where a contractor for the erection of a building, including materials therefor, pays over money received on his contract, to parties who have furnished him materials upon that and other contracts, with directions to apply the same on his account generally, they are at liberty so to apply it, and, in the absence of more particular instructions at the time, the law will apply it to the oldest items of his account.

**Same—Subsequent Change of Application.**—They cannot subsequently be compelled to change the application of such payment to the particular account for materials furnished for the building referred to, on the ground that they knew that the money was received by the contractor from the owner thereof. To bind them to make such special application, the parties interested must see that such application is made or directed at the time, or, if the money is paid to the contractor under an agreement that it should be so applied, such understanding or agreement should be seasonably communicated to the material-men.

Appeal by the above-named defendant from an order of the district court for Ramsey county, *Brill,* J., presiding, refusing a new trial after judgment ordered for plaintiff, fixing a lien of $936.76 upon the appellant's church edifice and site.

*C. D. & Thos. D. O'Brien,* for appellant.

*Cole, Bramhall & Morris,* for respondents.

VANDERBURGH, J. The record shows that Wegmann & Klemann contracted with defendant in October, 1886, to do the carpenter work and furnish materials for a church building, at an agreed price. It also appears that the plaintiffs furnished lumber to the contractors, Wegmann & Klemann, used in the building in the fulfilment of their contract, to the amount of $2,437, at the dates claimed in the complaint in this action; and the court finds that payments have been made to the plaintiffs on account thereof to the amount of $1,501, and no more. The court ordered judgment, declaring the balance to be a lien upon the real estate in question, including the church build-

ing. The defendant's appeal raises the question whether a payment of $600, made by the officers of the church to the contractors, and by them in turn paid to the plaintiffs, should not be credited on account of the lumber used by the contractors upon this building. This claim was disallowed by the court, and in support of its decision the evidence tends to show that on the 27th day of October, 1886, plaintiffs had furnished the contractors lumber to the amount of $400, which had been used by them in the building; that there was then and there due to them severally upon their contract, for work done and materials furnished, the sum of $657, and that $600 was then paid to them by the officers of the church on such account. The evidence also tends to prove that the check given therefor, which was payable to the order of the contractors, was on the same day turned over to the plaintiffs by them, with instructions to apply it on their account, —they being at that time indebted to plaintiffs for other bills of lumber furnished on account of other contracts; that the plaintiffs knew at the time that the money was received from the church on account of their contract, but were not requested or directed by or on behalf of the church to apply it, or any part of it, on account of the lumber furnished or to be furnished for this building. The matters left in dispute upon the evidence must be assumed to be settled in plaintiffs' favor by the general finding. The previous credits to the contractors had been on general account in the same way. As to this contract the subsequent payments were made directly by the officers of the church, and were credited and allowed accordingly. At the time of the payment in question here, no doubts had been suggested in respect to the solvency of the contractors.

Upon the facts as presented by the record we are unable to say that the plaintiffs were not entitled to apply the $600 paid to them by the contractors as directed by the latter, on their account generally. It must, in support of the findings, be deemed to have been so paid and applied. The debt was paid to the contractors on their contract with the church, while they owed the plaintiffs but $400. When this money was so received by them it was their money, and they were at liberty to use it as their own, and apply it in payment of such debts as they chose; and so, also, in the absence of any ex-

press stipulation or arrangement between the parties interested in respect to its application, communicated to the plaintiffs at the time, the latter were at liberty to apply it as they did. Being paid on account generally, it would be legally applied upon the oldest items of account, and it does not appear that any of it would be applicable to the particular account for lumber furnished for this church building. *Sheppard* v. *Steele*, 43 N. Y. 52. To protect themselves, the officers of the defendant should have taken the same precautions in the case of the first payment which they did in respect to the later payments. The case cited is an authority directly in point upon the legal question here presented.

Order affirmed.