LAWRENCE P. McMANUS v. NICHOLS-CHISHOLM LUMBER COMPANY.[1]

December 31, 1909.

Nos. 16,309—(108).

**Discretion of Trial Judge — Review on Appeal.**

The sufficiency of the evidence to establish the competency of a witness, or a foundation for the admission of documentary evidence, is a preliminary question addressed to the discretion of the trial judge, whose decision thereon will not be reversed, if there be any evidence fairly tending to support it.

**Verdict Contrary to Evidence.**

The jury in this a personal injury case were instructed that the defendant was entitled to a verdict, unless they found that the plaintiff's injury

[1] Reported in 123 N. W. 1080.

was caused by the negligence of its engineer; but, if they did so find, the plaintiff was entitled to a verdict, in which case they must state therein the name of his co-employee whose negligence caused his injury. The jury found for the plaintiff, and that he was injured by the negligence of the defendant's engineer and section foreman. *Held*, that the finding as to the foreman was contrary to the evidence and the charge of the court, and that it vitiates the verdict in its entirety.

Action in the district court for Becker county to recover $10,400 for personal injuries. After the former appeal, 105 Minn. 144 (117 N. W. 223), the case was tried before Taylor, J., and a jury which rendered a verdict in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Davis & Hollister,* for appellant.

*Stewart & Brower* and *C. M. Johnston,* for respondent.

START, C. J.

This is the second appeal in this case. See McManus v. Nichols-Chisholm Lumber Co., 105 Minn. 144, 117 N. W. 223, to which reference is here made for a general statement of the case. The result of the second trial was a verdict for the plaintiff, which was in these words: "We, the jury impaneled and sworn in the entitled action, find for the plaintiff and assess his damages in the sum of $3,700, three thousand seven hundred and no/100 dollars; and we further find that the injury was caused by the negligence of (defendant) Nichols-Chisholm Lumber Company, by the engineer and section foreman." Thereupon the defendant made a motion for judgment notwithstanding the verdict or a new trial, and appealed from an order of the district court of the county of Becker denying the motion.

The defendant here, as on the first appeal, urges that the evidence is not sufficient to sustain a finding by the jury that the defendant was negligent as claimed, and, further, that the evidence shows that the plaintiff was guilty of contributory negligence as a matter of law. An examination of the record shows that the evidence, as to both issues, was radically conflicting, in that the plaintiff's testimony as to material matters was squarely contradicted by many witnesses on

the part. of the defendant.   The evidence, however, was such as to leave the question of the defendant's negligence and of the plaintiff's contributory negligence one of fact, and not of law.   Therefore the defendant is not entitled to judgment notwithstanding the verdict.

The defendant further urges that in any event it is entitled to a new trial for errors of the trial court in its rulings on the admission of evidence and in its instructions to the jury, for excessive damages, and for misconduct of the jury and error of the trial judge with reference to the verdict.   Inasmuch as a new trial must be granted for the last reason stated, it is unnecessary to discuss the question of damages.   There were no reversible errors in the court's instructions to the jury.

The only assignment of error relating to the admission of evidence urged in the defendant's brief relates to the reception in evidence of a photograph of the scene of the accident, which the defendant claims was improperly received, because a sufficient foundation had not been laid.   The sufficiency of evidence to establish the competency of a witness or a foundation for the admission of documentary evidence is a preliminary question, addressed to the discretion of the trial judge, and his decision thereon will not be reversed, if there be any evidence fairly tending to support it.   Meyers v. McAllister, 94 Minn. 510, 103 N. W. 564; Rogers v. Clark Iron Co., 104 Minn. 198, 216, 116 N. W. 739.   There was no abuse of discretion in this case.

This leaves for our consideration only the questions arising upon the verdict, and for a clear understanding of them a statement is necessary of the precise issue as to the defendant's alleged negligence, which was submitted by the trial court to the jury.   While several acts of negligence by the defendant were alleged in the complaint, yet the trial court submitted only the question whether the plaintiff was injured while attempting to couple the engine to a string of empty cars by the alleged negligence of defendant, by its engineer, in charge of the engine, in increasing its speed, whereby it was driven forward at an unsafe rate of speed, resulting in the coupling bar being driven against the end of the car and beneath the coupling head.

The trial court, after stating the duties of the engineer in the premises, tersely and clearly submitted the issue to the jury in these

words: "If the engineer properly performed those duties, the defendant is not chargeable with negligence, and the plaintiff is not entitled to recover. On the other hand, if the engineer failed to perform these duties, and as the engine came near to the car, without warning or notice to the plaintiff, suddenly increased the speed of the engine, driving it with unusual speed and force against the car, thereby causing the plaintiff's injury, the plaintiff is entitled to recover, unless his own carelessness contributed to the happening of the accident." Neither party excepted to these instructions, nor did the plaintiff ask the court to submit to the jury any other alleged act of negligence of the defendant. The name of the engineer was Eugene Robbins, and he was called on the trial as a witness on behalf of the defendant, and his name was disclosed by the evidence. The record discloses no evidence which would sustain a finding that the defendant's section foreman was guilty of any negligence which was the cause of the plaintiff's injury.

Counsel for defendant duly requested the trial court to direct the jury, if they found for the plaintiff, to name in their verdict his co-employee whose negligence caused his injury; as provided by section 4179, R. L. 1905. The court complied with the request, and instructed the jury as follows: "You will be supplied with two forms of verdict—one for the plaintiff; one for the defendant. They will be in the form which I have already indicated to you, and at the bottom of the one for the plaintiff will be a question for you to answer, in case you find that the plaintiff is entitled to recover through the negligence of the defendant, stating who his co-employee was whose negligence caused the injury."

A reference to the verdict shows that the jury found that the plaintiff was injured by the negligence of defendant's engineer and section foreman, but neither was designated by name. This omission alone, in view of the special facts of this case would not justify the setting aside of the verdict; for there was only one engineer and one section foreman connected in any manner with the accident, and the verdict in connection with the record unequivocally designates the co-employees whose negligence the jury found caused the plaintiff's injury.

The real objections to the verdict are not technical, but fundamental, and for this reason the rule, invoked by plaintiff's counsel, that special findings by a jury must be so construed as to sustain the general verdict, if it be reasonably possible so to do, has no application to this case. It is not a question of inconsistency between the general verdict and the special findings, but whether the manifest disregard by the jury of the evidence and the instructions of the trial court shall be approved. The court excluded from the consideration of the jury all alleged acts of negligence by the defendant or any of its employees, except that of the engineer, and directed the jury to find a verdict for the defendant if the engineer was not guilty of negligence as alleged; but, if they found that he was negligent, then plaintiff was entitled to a verdict, if he was himself free from contributory negligence. In the teeth of this instruction the jury returned a verdict to the effect that the plaintiff was injured by the negligence of the engineer and the section foreman; that is, by their joint or concurring negligence. It is quite obvious that the jury, in reaching this conclusion, either failed to understand the instruction of the court, which seems improbable, or they deliberately disregarded it. If either were the case, it would vitiate the verdict.

The fact that the jury found the section foreman guilty of negligence, contrary to the instructions of the court and the evidence, necessarily affects the integrity of the verdict in its entirety; for it indicates that no fair consideration was given to the evidence and the charge of the court with reference to the alleged negligence of the engineer.

It follows that the verdict must be set aside, and a new trial granted. So ordered.