# J. B. INDERRIEDEN COMPANY v. J. C. JOHNSON COMPANY.[1]

December 2, 1910.

Nos. 16,814—(106).

**Foreign corporation — sale — questions of fact.**

Action to recover the purchase price of fifty bags of tapioca. Defense, that the plaintiff was a foreign corporation, and had never complied with R. L. 1905, §§ 2888, 2889, and that there had never been a delivery of the goods. Both were submitted to the jury. Verdict for the plaintiff. Evidence considered, and *held*, that it justified the submission of each question to the jury, and that they were correctly instructed.

[1]Reported in 128 N. W. 570.

Action in the district court for Hennepin county to recover $629.72, the purchase price of fifty bags of tapioca. The answer alleged that the order for the tapioca was given with the understanding that it was to be delivered not later than November 20, 1907; that there was an unreasonable delay by plaintiff in making delivery of the bags and by reason of such delay until December 14, 1907, defendant was justified in refusing to receive them; that the market value of tapioca was much less in December, 1907, than in November, 1907, and alleged that plaintiff was a foreign corporation which had not complied with the statute relating to foreign corporations doing business in Minnesota. The reply denied the new matter in the answer and alleged that plaintiff employed an agent in Minnesota who received orders, but that no goods were shipped into Minnesota except to fill such orders, and that the agent's office was a mere distributing agency.

The case was tried before Dickinson, J., and a jury which returned a general verdict in favor of plaintiff for $695, and a special verdict that no specific time for delivery was agreed on. From an order denying defendant's motion for judgment notwithstanding the verdict, or for a new trial, defendant appealed. Affirmed.

*W. A. McDowell,* for appellant.

*D. W. Lawler* and *D. F. Lyons,* for respondent.

START, C. J.

This action was brought in the district court of the county of Hennepin to recover the purchase price, $629.72, of fifty bags of medium pearl tapioca, which the complaint alleged the plaintiff sold and delivered to the defendant. The defense was that the tapioca was purchased to be delivered November 20, 1907, but was not; that the bags were to be of the average weight of only one hundred fifty pounds each, but in fact they each contained more than two hundred fifty pounds; that no delivery of the tapioca was ever made; and, further, that the plaintiff is a foreign corporation, and never complied with the Somerville law (R. L. 1905, §§ 2888, 2889). The first two defenses were submitted to the jury, and they decided by special verdicts against the contention of the defendant

Neither of these defenses is involved in this appeal. There was a general verdict for the plaintiff for the amount claimed. The defendant appealed from an order denying its motion for judgment notwithstanding the verdict or a new trial.

1. The first contention here urged by the defendant is that the plaintiff cannot maintain this action, because it is a foreign corporation and the sale in question was a transaction in the course of its business carried on in this state without complying with the Somerville law. The trial court instructed the jury as to this question to the effect following: The claim of the plaintiff is that it only maintains an agent in the state for the purpose of taking orders, subject to its approval, for goods to be thereafter delivered, and that the goods shipped by it into this state were for the purpose of filling such orders, and that the sale in question was a transaction of this kind. If from the evidence you find this to be true, then the plaintiff has not violated the statute, and is entitled to sue in the courts of this state. If, however, from the evidence you find that, at and prior to the time of the transaction here in question, the plaintiff shipped into the state of Minnesota merchandise not previously sold, and that such goods were thereafter sold and delivered to purchasers within this state, and that such sales were thereafter made, sales of goods which were in stock or storage here in this state, then I charge you, as a matter of law, that the plaintiff cannot maintain this action. The charge of the court was correct. Rock Island Plow Co. v. Peterson, 93 Minn. 356, 101 N. W. 616.

The jury by their verdict necessarily found, under this instruction given them, that the goods were shipped from without into this state for the purpose of filling an order theretofore given for them. It follows that unless the undisputed evidence shows that the plaintiff was doing business in this state, and that the sale and delivery of the tapioca was in the course of such business, the trial court did not err in submitting the question to the jury.

There was evidence tending to show that the plaintiff was a foreign corporation, having its principal place of business in Chicago, and the defendant a domestic corporation, having its place of business in Minneapolis; that the plaintiff had an agent in Minneapolis,

who had an office therein and solicited orders for the sale of plaintiff's goods, which were sent to it by its agent for confirmation; if accepted the goods to fill such orders were shipped to Minneapolis, and deliveries made from the warehouse of the carrier; that the plaintiff maintained no warehouse in Minnesota; that on August 2, 1907, the plaintiff's agent in Minneapolis received an order from the defendant for fifty bags of tapioca, and sent it to the plaintiff at Chicago for confirmation, which was made, and a sales memorandum was issued to the effect that plaintiff had sold the tapioca to the defendant f. o. b. Minneapolis, to be shipped from Singapore to New York, thence to Minneapolis; and, further, that it was so shipped, and arrived in Minneapolis ready for delivery about December 14, 1907.

The evidence to support these facts was conflicting in material respects. There was evidence on the part of the defendant tending to show that the plaintiff was accustomed to ship into this state goods not previously ordered and sell them in the open market for "spot cash." The agent of the plaintiff testified to the contrary. There is but little conflict in the evidence that the tapioca in question was shipped from Asia to Minneapolis upon the order to which reference has been made. The instructions of the court, as to whether plaintiff was doing business in this state without complying with the provisions of the statute applicable to foreign corporations, were quite as favorable to the defendant as it was entitled to have them. The evidence justified the submission of the question to the jury.

2. The only other contention of the defendant calling for special consideration is that there was no delivery of the tapioca, actual or constructive; hence the trial court erred in not instructing the jury that the plaintiff in no event could recover more than nominal damages. If there was no evidence of such delivery, the instruction should have been given; for if there was no delivery actual or constructive, so that the tapioca was placed within the control of the defendant, an action for the purchase price would not lie. McCormick Harvesting Machine Co. v. Balfany, 78 Minn. 370, 81 N. W. 10, 79 Am. St. 393. The trial court submitted the question of delivery to the jury. The question is whether there was any evidence which would sustain a finding that there was such a delivery.

There was evidence tending to show that the tapioca was to be delivered free on board of car at Minneapolis; that two hundred sixty bags of tapioca of the kind ordered by defendant were shipped to Minneapolis, consigned to the plaintiff; that the plaintiff segregated from the consignment, and weighed and set apart for the defendant in the carrier's warehouse, fifty bags of tapioca, and in accordance with their usual course of business in such cases sent to the defendant an invoice thereof, attached to which was an order on the carrier for the unconditional delivery of the fifty bags of tapioca to the defendant; that the defendant returned the invoice with the order, for the alleged reason that it did not conform with the defendant's purchase; and, further, that the carrier at this time and place was accustomed to store goods without charge, and deliver them to the parties having delivery orders from the plaintiff.

The trial court charged the jury to the effect that, if the tapioca was so segregated and placed at the disposal of the defendant within a reasonable time after the making of the contract for its sale, it would constitute a constructive delivery. The defendant challenges the correctness of this instruction.

The first contention in this connection is that there is no evidence in the record that the fifty bags intended for the defendant were included in the two hundred sixty bags. No witness testified directly to such fact, but the circumstantial evidence tending to establish the fact is practically conclusive. It is further urged that there was no constructive delivery, because the title would not vest in the defendant until the carrier was notified of the sale and agreed to hold the goods for the defendant. It may be conceded as a general abstract proposition that, to constitute a good constructive delivery of chattels in the possession of a bailee, notice of the sale of such chattels must be given to the bailee, which he agrees to hold for the purchaser. The rule, however, is not applicable to this case; for a consideration of the whole evidence leads to the conclusion that the parties intended the precise method of delivery which the plaintiff

adopted. The evidence shows a delivery as contemplated by the contract. Naas v. Welter, 92 Minn. 404, 100 N. W. 211. The trial court correctly instructed the jury as to the question of delivery, in view of the undisputed evidence.

Order affirmed.