AMERICAN BRIDGE COMPANY v. G. T. HONSTAIN and Others.[1]

December 16, 1910.

Nos. 16,769—(119)[2]

**Account books — foreign corporation — mechanics' liens.**

    Appeal from a judgment establishing and enforcing mechanics' liens on the premises described in the complaint in favor of the respective respondents. *Held:*

    1. No inflexible rule can be laid down for the determination of the question whether entries in account books were made substantially contem-

---

[1]Reported in 128 N. W. 1014.        [2]October, 1910, term calendar.

[Note] Party's books of account as evidence in his own favor, see note in 52 L.R.A. 546.

poraneous with the transactions which they record. Each case must be determined by the trial judge in the exercise of a practical discretion, in view of modern business methods; and his decision thereon will not be reversed if there be any evidence fairly tending to sustain it. The court did not err in receiving in evidence the account books in this case, nor in the application of payments. Jefferson v. Church of St. Matthew, 41 Minn. 392, followed.

2. The court upon the evidence correctly *held* that certain separators used in the equipment of the elevator were sold to the contractor by one of the lien claimants, a foreign corporation, at Milwaukee, Wisconsin, and that the transaction was not within the provisions of R. L. 1905, §§ 2888, 2889.

3. The evidence was sufficient to sustain the findings of fact as to each claim for a lien, and the record presents no reversible errors.

Action in the district court for Hennepin county to foreclose a mechanic's lien amounting to $9,455.24; to adjudge the sum a lien upon the premises, and that the court direct a sale of the premises and apply the proceeds to the payment of plaintiff's claim. The other lien claimants mentioned in the opinion answered and prayed that the interest of plaintiff and defendants in the premises be determined and the land sold to pay the liens. The case was tried before Hale, J., who made findings establishing the liens of the claimants as stated in the opinion, and directed a sale of the premises to satisfy them. From that part of the judgment in favor of Prinz & Rau Manufacturing Company for $1,392.24, and adjudging the amount a lien upon the premises described; from that part of the judgment in favor of William Bros Boiler & Manufacturing Company for $3,594.09, which was adjudged to be a lien upon the premises; from that part of the judgment in favor of Landers-Morrison-Christenson Company for $10,650.99; from that part of the judgment adjudging $10,538.49 of said last mentioned amount to be a lien upon the premises; from that part of the judgment which ordered the premises sold to satisfy these liens, defendant Northwestern Consolidated Milling Company appealed. Affirmed.

*Benton, Molyneaux & Morley,* for appellant.

*H. D. Irwin,* for respondent Prinz & Rau Manufacturing Company.

*Baldwin & Murphy,* for respondent William Bros Boiler & Manufacturing Company.

*A. S. Keyes* and *Henry Ebert,* for respondent Landers-Morrison-Christenson Company.

START, C. J.

Prior to June 10, 1908, the defendant Northwestern Consolidated Milling Company, hereafter referred to as the Milling Company, entered into a contract with the defendant Honstain, whereby he agreed to erect for it upon the premises described in the complaint an elevator. The plaintiff brought this action in the district court of the county of Hennepin to foreclose a mechanic's lien thereon. The defendants other than Honstain and the Milling Company severally appeared and asserted a lien in their behalf for labor and materials furnished and used in the erection of the elevator. The action was tried by the court without a jury, and resulted in a judgment establishing the liens of the respective parties. The Milling Company appealed from so much of the judgment as established the respective liens of the defendants Landers-Morrison-Christenson Company, hereafter referred to as the Landers Company, the Prinz & Rau Manufacturing Company, hereafter referred to as the Prinz Company, and the William Bros Boiler & Manufacturing Company, hereafter referred to as the Boiler Company. Of these, in their order:

1. The court found that the Landers Company was entitled to a lien in the sum of $9,982.16, and awarded judgment accordingly. The alleged errors urged in brief of counsel as to this claim are that the court erred in admitting defendant's books of account, in the application of payments, and that the facts found upon which the judgment is based are not supported by the evidence. The evidence as to the verification of the book accounts, which were received in evidence, tended to show that it was the usual course of the defendant's business to make out a delivery slip for each load of material that was delivered, which was signed by some one in charge of the job, and return it to the bookkeeper; that the delivery slips, when returned, were billed and itemized in the sales book, and thereafter,

in the ordinary course of business and as soon as practicable, entered in the ledger. The bookkeeper, who testified to these facts, also testified on cross-examination as follows: "Q. Now, these books of account, the original entries, were made at what time? A. The tickets are sent up the following day, and we bill them if we have time. Sometimes we are a little behind. We have no definite time. It might be two or three days. Q. Is it ever longer than two or three days? A. It may be. Q. How long have you known the entries to be deferred? A. I couldn't say any definite time. Q. Ever go as long as a week? A. It may have; yes. Q. Has it ever gone longer than that? A. I can't say as to any definite time when the entries are made out." The Milling Company objected to the admission of the account books in evidence, because no foundation had been laid therefor. The objection was overruled.

The pivotal question is whether there was any evidence tending to sustain the findings of the trial judge that the entries were substantially contemporaneous with the transactions shown by them. R. L. Supp. 1909, § 4719. This was a preliminary question, resting largely in the discretion of the trial judge. McManus v. Nichols-Chisholm Lumber Co., 109 Minn. 355, 123 N. W. 1080. No inflexible rule can be laid down for the determination of the question whether entries in account books were made substantially contemporaneous with the transaction which they record. The term is relative, and each case must be determined upon its own facts by the trial judge, in the exercise of a practical discretion, in view of modern business methods. The trial judge did not abuse his discretion in finding that a sufficient foundation had been laid for the admission in evidence of the account books, and they were properly received.

The Milling Company further urges that Honstain made certain payments to Landers Company from money received from the Milling Company, which was applied by the Landers Company upon his indebtedness to it other than that here in question; that this was a misapplication of the payments, and the amount thereof should be deducted from the amount of the lien claimed by it. It is not clear that the record presents any such question for our decision;

but, however this may be, we are of the opinion that the claim is without merit. Jefferson v. Church, 41 Minn. 392, 43 N. W. 74. The case cited was expressly approved and followed, as to the application of payments, in the case of Miller v. Shepard, 50 Minn. 268, 272, 52 N. W. 894. These cases have not been overruled by that of Merchants' Ins. Co. v. Herber, 68 Minn. 420, 71 N. W. 624. We find, upon an examination of the evidence, that it is sufficient to sustain the findings of fact of the trial court.

2. The lien of the Prinz Company was established in the sum of $1,296, for separators furnished for the elevator. The first objection urged to this claim is that the company is a foreign corporation; that they are doing business in this state, but have not complied with the Somerville law (R. L. 1905, §§ 2888, 2889), and that the transaction out of which the lien accrued was a part of such business. The trial court excluded the certificate of the secretary of state to the effect that the company had not complied with the law, on the ground that the defense was not pleaded. If it be conceded that the reason was not a valid one, yet it was harmless error; for the undisputed evidence shows that the Prinz Company is a foreign corporation having its place of business at Milwaukee, Wisconsin, with a representative in Minneapolis; that Honstain gave to such representative an order on the Prinz Company for the separators of the agreed price of $1,296, free on board at Milwaukee; and that the separators were shipped pursuant to the order from Milwaukee to Minneapolis, and placed by Honstain in the elevator. The trial court found as a matter of fact that the separators were sold at Milwaukee. The evidence is ample to sustain this finding. It follows that the goods were shipped from without the state into the state for the purpose of filling an order given therein, and that the transaction was not within the statute. Rock Island Plow Co. v. Peterson, 93 Minn. 356, 101 N. W. 616; J. B. Inderrieden Co. v. J. C. Johnson Co., 112 Minn. 469, 128 N. W. 570.

The last objection to this lien is that the lien statement was invalid by reason of an error in the description of the land; but the statement, read as a whole, justifies the holding of the trial court that it was sufficient to enable an interested person to locate the property

with reasonable certainty, hence it was valid. Doyle v. Wagner, 100 Minn. 380, 111 N. W. 275.

3. The judgment established a lien in favor of the Boiler Company in the sum of $3,378.09. The only objection here urged to this part of the judgment is that the Boiler Company abandoned its lien. The trial court refused to find such alleged abandonment, and the only question is whether the evidence was such as to require the court so to find as a matter of law.

The evidence not only does not require such a finding, but, on the contrary, it clearly appears therefrom that there was no intention to waive or abandon the lien. The evidence tends to show that a lien statement sufficient in form and substance was filed and recorded; that some three days thereafter, and before the time for filing a lien had expired, some question arose as to the sufficiency of the description of the land in the lien statement, and it was taken from the office of the register of deeds by the notary who drew it. He called the person, who originally verified the statement, over the telephone, informed him of the change, and asked him if he acknowledged it. The answer was that he did. The statement was then refiled and recorded. On the trial the claimant relied wholly upon the lien statement which was originally filed and recorded. The trial court correctly found that the statement as first filed and recorded described the property upon which a lien was claimed in such a manner that it could be found and identified.

It is obvious that there was no intention to abandon or waive the lien, but, on the contrary, a purpose to enforce it. What was done after the lien statement was filed and recorded was a nullity, and could not affect the rights of the parties.

We find no reversible error in the record as to any of the lien claimants.

Judgment affirmed.