KELLER ELECTRIC COMPANY v. GEORGE P. BURG
AND ANOTHER.[1]

June 21, 1918.

No. 20,902.

**Work and labor — verdict supported by evidence.**

1. The evidence is sufficient to sustain a finding that plaintiff's assignor furnished certain material and labor to defendants at their instance and request.

[1]Reported in 168 N. W. 98.

**Evidence — entries in books transcribed from memoranda original entries.**

2, Entries in books of account may be original entries though transcribed from temporary memoranda which are not produced and not preserved, if the entries are substantially contemporaneous with the transaction.

**Work and labor — charge to jury.**

3. Certain language of the charge which is excepted to, is *held* not to take from the jury the question of amount of recovery. Other portions of the charge not excepted to in the trial court are not before this court for review.

Action in the municipal court of St. Paul to recover $231.84 for labor and material furnished. The answer was a general denial. The case was tried before Boerner, J., and a jury which returned a verdict in favor of plaintiff for $302.55. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Jesse E. Greenman,* for appellants.

*Louis S. Headley,* for respondent.

HALLAM, J.

1. Action to recover $231.84 for electrical work and material furnished by plaintiff's assignor and alleged to have been ordered by defendants. The jury found for plaintiff. Defendants appeal.

In 1912, M. Burg & Sons of St. Paul took a five years lease of a building in Dubuque for a furniture store. Defendants, brothers in the Burg family, went to Dubuque to conduct the business there. They claim they went as agents of M. Burg & Sons. It was the intention that the Dubuque business be ultimately carried on by a corporation to be known as Burg Brothers. There is some evidence, however, that these defendants held themselves out as partners and that one of them employed C. H. Keller, plaintiff's assignor, to do the work in controversy. There is also evidence that the work was worth the amount claimed and the amount of the verdict.

2. Defendants assign error in the reception in evidence of Keller's books of account. As material was taken for use on the job, the store room man set down on a temporary charge slip the items taken. These

slips were turned over to the bookkeeper. After completion of the job, which, in this case took about two weeks, the bookkeeper checked these slips with the storekeeper, put in the prices, and, together with the items of labor, entered them upon loose leaf charge sheets and from these they were posted into the ledger. These charge sheets and the ledger were offered and received in evidence as Keller's books of account. The objection to them is that the entries on the charge sheets are not original entries made at the time of the transaction.

Courts should not be captious in reception of evidence of this kind. All business men do not keep their books of account in the same manner. Some keep them badly. If the books kept are intended as a true record of business transactions and are made in the usual course of business, contemporaneously with the transaction of which they purport to be a record, the court should be liberal in receiving them.

The statute requires that book entries to be admissible must be original entries (section 8437), but it has been held many times that entries in account books may be original entries within the meaning of the statute though transcribed from temporary memoranda which are not produced and not in any manner preserved. Webb v. Michener, 32 Minn. 48, 19 N. W. 82; Levine v. Lancashire Ins. Co. 66 Minn. 138, 68 N. W. 855; Swedish-American Nat. Bank v. Chicago, B. & Q. Ry. Co. 96 Minn. 436, 105 N. W. 69; American Bridge Co. v. Honstain, 113 Minn. 16, 128 N. W. 1014. While the entries in this case were not posted from the temporary slips with commendable promptness, we think they were substantially contemporaneous and that they were properly received. American Bridge Co. v. Honstain, supra.

3. Defendant claims the court took from the jury the issue as to amount of recovery. The only portion of the charge excepted to as bearing upon this contention is the following: "In his complaint the plaintiff sues for $231.84, with interest on $192.98 from November 27th, 1912, and on $38.86 with interest from December 12, 1912, at 6 per cent; you will figure the amount of interest and add the same to the amount you find the plaintiff is entitled to recover, and bring a verdict in for the total amount, in case you find the plaintiff is entitled to recover." The language is somewhat involved, but, in our opinion, it leaves the amount of recovery to the determination of the jury.

Other portions of the charge are complained of on appeal, but no exception was taken to any of them in the trial court, and they are accordingly not before us for review.

Order affirmed.