### LAMPERT LUMBER COMPANY v. SAMUEL FLEISHER AND ANOTHER.[1]

March 28, 1919.

No. 21,063.

**Evidence — account books admissible — journal — desk pad — scratch books.**

Where the items sold were entered in plaintiff's journal at the time of the transactions from temporary memoranda made on a desk pad or in a pocket memorandum book by the salesman, the journal is the book of original entry, and plaintiff's account books, when properly verified, are admissible in evidence, without the production of such desk pad or memorandum book.

Action in the district court for Waseca county to recover from Samuel Fleisher, doing business as the Fleisher Construction Company, and the New Amsterdam Casualty Company, a balance of $1,417.95 for lumber and building material sold to defendant Fleisher. The separate answer of defendant Fleisher alleged that the material furnished was worth only $3,299.05. The case was tried before Rockwood, J., who made findings and ordered judgment in favor of plaintiff for $1,321.85. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Josiah E. Brill,* for appellants.

*Kerr, Fowler, Schmitt & Furber,* for respondent.

[1] Reported in 171 N. W. 309.

TAYLOR, C.

The sole question to be decided in this case is whether plaintiff's account books, consisting of a journal and ledger, were admissible in evidence, without the production of the memorandum books from which a part of the entries in the journal were taken.

Plaintiff had a lumber yard at Waldorf, Minnesota, conducted by an agent named Hickey, assisted by a yardman named Berg. Defendant Fleisher, who will be designated as defendant hereinafter, was engaged in constructing a schoolhouse at Waldorf and purchased lumber from Hickey at this yard from time to time as needed in the work. Defendant hired a drayman to haul the lumber from the yard to the building. When defendant needed lumber he sometimes ordered it by telephone and sometimes instructed the drayman what lumber to get. When orders for lumber were received at Hickey's office over the telephone, the items were usually noted on a desk pad and then entered in the journal when the lumber was delivered, but if the order covered only one or two items they frequently were entered directly in the journal. When the drayman came for lumber not ordered by telephone, either Mr. Berg or Mr. Hickey made a list of it in a pocket memorandum or scratch book as it was loaded on the wagon, and then returned the book to the office where the items noted therein were entered in the journal.

All the persons who had anything to do with the delivery of the lumber in dispute, or with the making of the notations in the memorandum books and on the desk pads, or with the making of the entries in the journal and ledger, testified as witnesses. No claim is made that the account books were not properly proven, verified and established, if the journal contained the original entries, but defendant contends that the memorandum books contained the original entries and must be produced before the other books can have effect as evidence.

Defendant's contention cannot be sustained. The notations on the desk pad and in the pocket "scratch books" were made merely as temporary memoranda, for the purpose of securing accuracy in entering the sales in the books in which the accounts were kept, and were not intended to be preserved as the record of such sales. Hickey testified that the sales were entered in the journal immediately after the different items had been delivered to the drayman and this is not disputed. It

is well settled that, where the entries were made and the books were kept as here disclosed, the so-called journal was the book of original entries, and that the account books are admissible in evidence, without the production of the temporary memoranda furnished to the book-keeper by the clerk or yardmen who made the sales or deliveries. Keller Electric Co. v. Burg, 140 Minn. 360, 168 N. W. 98; B. Presley Co. v. Illinois Cent. R. Co. 120 Minn. 295, 139 N. W. 609; American Bridge Co. v. Honstain, 113 Minn. 16, 128 N. W. 1014; Levine v. Lancashire Ins. Co. 66 Minn. 138, 68 N. W. 855; Webb v. Michener, 32 Minn. 48, 19 N. W. 82.

Order affirmed.