MARGARET A. YOUNG v. B. F. YEATES AND ANOTHER.[1]

December 19, 1924.

No. 24,265.

**Admissibility of books of account.**

1. The sufficiency of the showing for the admission of books of account is, in a measure, addressed to the discretion of the trial court, whose decision thereon will not be reversed if there be any proofs fairly tending to support it.

**Findings sustained by evidence.**

2. The proofs are amply sufficient to support the findings of the trial court, both as to coal delivered and the amount disbursed therefor.

Action in the district court for Hennepin county for an accounting or for $1,575.35. The case was tried before Olsen, J., who ordered judgment in favor of defendants. From an order denying her motion for judgment or for a new trial, plaintiff appealed. Affirmed.

*Margaret A. Young*, pro se.

*Roberts & Strong* and *Karl H. Covell*, for respondents.

[1]Reported in 201 N. W. 421.

QUINN, J.

Action for an accounting. The trial court made findings of fact and ordered judgment in favor of defendants. From an order denying her motion for judgment in her favor or for a new trial, plaintiff appealed.

Plaintiff owned an apartment building in the city of Minneapolis. She appointed the defendants, as her agents, to take charge of the renting of her building—collecting the rent and taking general charge and management of all matters in connection therewith, save alone the selection of paper in case any decorations were necessary—for one year, beginning October 31, 1916, they to receive, as compensation therefor, 5 per cent of all rents collected. Pursuant thereto, defendants took charge of the property and managed the same until the expiration of the appointment when they received a second appointment for another year. They continued to manage the property until December 31, 1917, when the plaintiff revoked their appointment.

In February, 1918, the defendants herein brought an action against the plaintiff herein, in the municipal court of Minneapolis, to recover the sum of $178.37, balance claimed by them for expenditures made while managing the property, and also to recover damages for breach of the agency contract. This action terminated in a final judgment of $142.43 in favor of these defendants and against this plaintiff, on account of such expenditures, the claim for damages having been eliminated by this court on appeal.

In disposing of this case, the trial court held, and we think correctly, that the disbursements made by defendants, subsequent to the expiration of the first lease, whether incurred before or after that time, and all rents received and commissions earned thereafter, as well as all matters claimed by plaintiff in her second cause of action, were fully litigated and determined in the municipal court action.

The trial court further found, as matters of fact, that the defendants herein fully accounted to the plaintiff for all matters set forth in her complaint in this action and are entitled to judgment accordingly; that, during the year ending October 31, 1917, they ren-

dered statements of account, showing rentals received and expenditures made, to plaintiff, and paid the balance to her each month, and that no dispute arose between them until in November, 1917.

The serious contention in this lawsuit relates to the admissibility of defendants' books of account and their bearing, as evidence, upon the amount of coal furnished and the disbursements made therefor. There is no controversy over the amount of rental collected by the defendants. It was defendants' custom to place an order for coal with the dealer who, when delivering the same, furnished an invoice showing plaintiff's name as the purchaser, the amount of coal, price and date of delivery. Thereafter, when payment was made by defendants, their bookkeeper used these invoices in making her entries for the disbursements, showing the amount paid as well as the amount of coal purchased. These entries were first made in a journal and thereafter carried into a ledger. Both books were placed in evidence. In making their monthly reports to the plaintiff, the data from these invoices were furnished her.

We see no trouble with the reception of the books in evidence. The entries were made when the money was actually disbursed, which satisfies section 8437, G. S. 1913. The pivotol question being the amount of such disbursements, the books were properly received. McManus v. Nichols-Chisholm Lumber Co. 109 Minn. 355, 123 N. W. 1080; Am. Bridge Co. v. Honstain, 113 Minn. 16-19, 128 N. W. 1014; Keller Elec. Co. v. Burg, 140 Minn. 360, 361, 168 N. W. 98.

We find no error, either in the rulings upon the reception of evidence or in the inference to be drawn from the proofs in the case. We think the findings, as to the delivery of coal and the amount disbursed therefor, are justified by the evidence and that the decision should stand.

Affirmed.