## INVESTORS SYNDICATE v. FIDELITY & DEPOSIT COMPANY OF MARYLAND AND OTHERS.[1]

January 25, 1929.

No. 27,062.

See note in 21 A. L. R. 704; 49 A. L. R. 952; 21 R. C. L. 108; 3 R. C. L. Supp. 1135; 4 R. C. L. Supp. 1404; 7 R. C. L. Supp. 704.

[1]Reported in 223 N. W. 139.

*James C. Melville,* for appellant.
*Tappan & Gallagher,* for respondent.

TAYLOR, C.

In 1923 the individual defendants borrowed $100,000 from plaintiff for the purpose of erecting an apartment building in the city of Minneapolis and secured the repayment thereof by a mortgage on the property. In connection with the loan, the individual defendants as principals and the corporation defendant as surety executed to plaintiff the bond upon which this action is brought. It recites that the Investors Syndicate has heretofore loaned the principals the sum of $100,000 secured by a mortgage upon the following described premises (setting forth the description) and that:

"Certain improvements are about to be erected and constructed on said premises, consisting of a three story apartment building more particularly described in the application for said loan * * * to which reference is hereby made."

It then states the condition in the following words:

"Now, therefore, if the said principal shall well and truly pay, or cause to be paid, all claims of whatever nature or kind, for labor performed on, or material furnished in and about the erection and construction of the improvements hereinbefore mentioned, located on the premises aforesaid, so that the said mortgage shall be and remain a first lien thereon; and if the said principals shall establish and maintain said mortgage as a first lien, prior to all other liens on said premises, then the above obligation to be void; otherwise to remain in full force and virtue."

After the building was completed, the contractor filed a lien for a balance of $8,418.59 due under the contract. He obtained a judgment declaring the lien prior and superior to plaintiff's mortgage and sold the property thereunder. Thereafter plaintiff brought this suit on the bond to recover the amount required to redeem from the

sale under the mechanic's lien. The mortgagors, principals in the bond, made no defense. The surety interposed an answer and will be intended by the term defendant when used hereafter. The court made extended findings of fact and directed judgment for plaintiff. Defendant appealed from an order denying a new trial.

In the early part of the negotiations for the loan, plaintiff wrote a letter to the applicants therefor stating the terms and conditions on which a loan would be made. This letter is referred to in the record as the letter of acceptance, although the formal application for the loan was not made until several weeks later. The building was constructed by contract, and the contractor was to be paid in instalments as the work progressed. He seems to have begun work before the negotiations for the loan were completed. After they were completed, the mortgagors gave plaintiff an order to pay "the net proceeds" of the loan to the order of the contractor "in accordance with your letter of acceptance of said loan." Thereupon plaintiff wrote the contractor that pursuant to an order from the mortgagors relative to the disbursement of the "net proceeds" of the loan, "it is acceptable to us that the money be disbursed to your order or to you." Plaintiff applied $19,100 of the loan in paying a prior mortgage on the property and various other claims arising out of matters connected with the making of the loan which the mortgagors authorized plaintiff to pay; and paid the remaining $80,900 in instalments to the contractor. Defendant contends that plaintiff did not pay the full net proceeds of the loan to the contractor, but paid other claims out of such proceeds in an amount exceeding the balance due the contractor, and is not entitled to recover on the bond for that reason. The question largely discussed in the briefs is whether the items so paid were or were not properly deductible from the amount of the loan in determining the amount of the net proceeds thereof. But in the view we take of the case this question is not material.

Plaintiff applied the proceeds of the loan as authorized and directed by the mortgagors, and the first important question presented is whether defendant had the right to have the proceeds of the loan

applied upon claims against which defendant had bound itself to protect plaintiff. We are unable to find any legal basis for the assertion of such a right. Defendant was not a party to the contract for the construction of the building nor a surety for the contractor, and therefore is not entitled to be subrogated to any rights which the contractor may have had, and is not within the benefit of the rule in respect to sureties for the contractor announced and applied in Barrett Bros. Co. v. County of St. Louis, 165 Minn. 158, 206 N. W. 49.

Defendant was not a party to the making of the loan nor liable in any way for the money loaned; and it cannot be said that such money was impressed with an equity in defendant's favor within the rule applied in Merchants Ins. Co. v. Herber, 68 Minn. 420, 71 N. W. 624; New Amsterdam Cas. Co. v. Wurtz, 145 Minn. 438, 177 N. W. 664; Ganley v. City of Pipestone, 154 Minn. 193, 191 N. W. 738, and similar cases.

The bond imposed upon plaintiff no duties of any sort. It was not given to secure the performance of the contract for the construction of the building, and defendant had no connection with that contract. The bond makes no reference to the purpose for which the loan was obtained nor to the use to be made of the money. It simply recites the fact that a loan had been made, that a building was about to be erected on the land mortgaged to secure the loan, and then sets forth the condition, which in substance is to protect the mortgagee against any and all liens prior or superior to the mortgage. Defendant cannot point to any provision in the bond which gives defendant any interest in the money loaned or any right to have it expended or applied for defendant's benefit or protection. Under the rule established in the following cases the money became the property of the mortgagors, and they had the unqualified right to use it as they saw fit as against any right asserted under the bond. Standard Oil Co. v. Day, 161 Minn. 281, 201 N. W. 410, 41 A. L. R. 1291; Jefferson v. Church of St. Matthew, 41 Minn. 392, 43 N. W. 74; Miller v. Shepard, 50 Minn. 268, 52 N. W. 894; Commrs. of Redwood County v. Citizens Bank, 67 Minn. 236, 69

N. W. 912; American Bridge Co. v. Honstain, 113 Minn. 16, 128 N. W. 1014; 21 R. C. L. 1128, § 166; Ann. Cas. 1915B, note at p. 1275; Ann. Cas. 1917C, note at p. 587; 21 A. L. R. note at p. 704; 49 A. L. R. note at p. 952.

As the funds were free from any claim or equity in favor of defendant, the fact that they may have been used in paying nonlienable claims is immaterial, for such use, if established, would constitute no defense to the action.

Order affirmed.